**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| JUAN CARRILLO CRUZ, | No. 09-73147 |
| Petitioner, | Agency No. A044-334-442 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:     SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Juan Carrillo Cruz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review de novo questions of law, *S-Yong v. Holder*, 600 F.3d 1028, 1034 (9th Cir. 2010), and we deny the petition for review.

Carrillo Cruz correctly contends that his conviction under California Health & Safety Code § 11351, for possession of a controlled substance for sale, is not categorically a controlled substance offense under 8 U.S.C. § 1227(a)(2)(B)(i), or a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See S-Yong*, 600 F.3d at 1034 ("We have previously found that California law regulates the possession and sale of many substances that are not regulated by the [federal Controlled Substances Act]").

Carrillo Cruz, however, provides no coherent argument in his opening brief as to how the conviction documents are insufficient to demonstrate that his conviction constitutes a removable controlled substance offense, and a drug trafficking aggravated felony, under the "modified categorical approach." *See id*. at 1035. Accordingly, we deem the issue waived and deny the petition for review. *See San Diego Unified Port Dist. v. Gianturco*, 651 F.2d 1306, 1319 n.36 (9th Cir. 1981) (deeming issue waived where briefing contained little more than an assertion of error and court was "left to guess precisely what [appellants] meant to argue").

**PETITION FOR REVIEW DENIED.**

09-73147